# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

EDWARD JAMES ANTHONY JONES,

    Petitioner

VS.

Warden JACK KOON,

    Respondent

NO. 5:10-CV-26 (CAR)

**O R D E R**

Petitioner **EDWARD JAMES ANTHONY JONES** has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his November 2, 1987, Upson County, Georgia conviction for murder. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

The instant case represents the second time petitioner has attacked his conviction. In *Jones v. Phillips*, 5:96-cv-472 (HL) (M.D. Ga.), Magistrate Judge Claude W. Hicks, Jr. recommended that petitioner's challenge of his 1987 conviction be denied. Magistrate Judge Hicks found that petitioner had procedurally defaulted some of his claims and that his remaining claims did not entitle him to habeas relief. Magistrate Judge Hicks's recommendation was accepted by U.S. District Judge Hugh Lawson, and made the order of the Court.

---

[1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

Because petitioner's prior challenge to his conviction was dismissed on the merits, the instant petition is successive within the meaning of section 2244(b). As petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider petitioner's request for relief.

It is therefore **ORDERED** that the instant petition be **DISMISSED** without prejudice to petitioner's refiling following his receipt of authorization from the Eleventh Circuit under section 2244(b)(3). The Clerk of Court is ordered to furnish petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

**SO ORDERED**, this 5th day of February, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE